# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN L. SYKES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　　　Defendant. | Case No. ED CV 12-1171 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

　　Robin Sykes ("Plaintiff") challenges the Social Security Commissioner's decision denying her applications for disability and supplemental security benefits. Specifically, Plaintiff contends, among other things, that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence because it did not account for the medical evidence presented to the Appeals Council after the issuance of the ALJ's decision. (Joint Stip. at 4-8, 18-19.) The Court agrees with Plaintiff for the reasons stated below.

/ / /

---

　　[1]　Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

A.   The District Court must Consider the Record as a Whole, Including Newly Admitted Evidence

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's final decision to determine if: (1) the Commissioner's findings are supported by substantial evidence, and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Moreover, when the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence based on the record as a whole. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012).

B.   The ALJ's Decision Was Not Supported by Substantial Evidence

Here, the ALJ found that Plaintiff was not disabled based upon the medical record as it existed at the time of the hearing. Specifically, the ALJ considered records from the California Department of Corrections for the period in which Plaintiff was on parole, as well as state agency reports and the findings of the consultative psychiatrist. (AR at 31-32.) The ALJ gave the most weight to the

conclusions of the consultative examiner, who found that Plaintiff exhibited a depressed and anxious mood but was otherwise normal. (*Id.* at 32, 262-68.) The ALJ adopted the consultative examiner's diagnosis of borderline personality disorder and found that Plaintiff had the residual functional capacity to perform her past work as a housekeeper. (*Id.* at 28, 33, 267.)

The ALJ ignored the records from Plaintiff's inpatient drug treatment at Cedar House Rehabilitation Center. Although sparse, these records support a diagnosis of bipolar disorder and document Plaintiff's long history of mental instability. (*Id.* at 234, 235, 324.) Moreover, as noted by the ALJ, records from the Arrowhead Regional Medical Center further support a diagnosis of bipolar disorder with psychotic features. (*Id.* at 238, 240, 245, 250, 252, 320.)

More vital to the outcome of Plaintiff's applications are the records submitted to the Appeals Council following the ALJ's decision. (*Id.* at 3-7); *Taylor*, 659 F.3d at 1232 (Court may consider such evidence in deciding whether the ALJ's decision was supported by substantial evidence). This newly submitted evidence brings Plaintiff's mental health impairment into sharper focus and details the extent of her psychiatric limitations. In particular, a Mental Disorder Questionnaire Form completed by Romeo Villar, M.D., reveals a diagnosis of "Schizoaffective Disorder, Bipolar Type" and "Posttraumatic Stress Disorder." (*Id.* at 335.) Dr. Villar further reported that Plaintiff has had a long history of mental disturbances; that she is "*learning* how to take care of her basic daily living skills; and has limitations in her social functioning, concentration and task completion, and adaptation to work or work-like situations." (*Id.* at 333-35 (emphasis added).)

Because the ALJ's decision did not consider this new evidence, the Court finds that the decision denying benefits was not supported by substantial evidence.

C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no

useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, the ALJ must be given an opportunity to consider Plaintiff's claim in light of the newly presented evidence. Therefore, on remand, the ALJ shall reevaluate Plaintiff's application in light of the medical evidence as a whole, including the evidence newly submitted to the Appeals Council.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: August 26, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[2] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 5-15, 20-22.)